Order accordingly.

---

In the Matter of the Assignment of DE WILTON ROBINSON to GEORGE A. WICKS for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided January 3d, 1884.)

The provisions of the Code of Civil Procedure do not apply to proceedings under the General Assignment Act.

The bond of an assignee for the benefit of creditors must, in the County of New York, be approved by a judge of the Court of Common Pleas. An approval by a justice of the Supreme Court is a nullity, and confers no authority upon the assignee to dispose of the assigned property.

An assignee for the benefit of creditors who pays as fees to his counsel money of the assigned estate with the understanding that his counsel shall furnish sureties on his bond and pay what is necessary to procure them, is to all intents and purposes using the assigned estate for the purchase of bondsmen, and should be removed.

APPLICATION for the removal of an assignee under a general assignment for the benefit of creditors.

The facts are stated in the opinion.

VAN HOESEN, J.—The bond of the assignee has never been approved. A justice of the Supreme Court has no power to

approve the bond of an assignee appointed under the General Assignment Act of 1877, and his action in approving such a bond is a nullity. The Code of Civil Procedure does not apply to proceedings under the Assignment Act. The bond of an assignee under the Act of 1877 can not be approved by any other judge than a county judge (L. 1877, c. 466, § 5). The assignee has therefore been acting without lawful authority in disposing of the assigned estate. Before he could lawfully " sell, dispose of or convert to the purposes of the trust any of the assigned property," it was his duty to obtain the approval of his bond by a judge of the Court of Common Pleas. This is sufficient cause for removal.

But there is another cause.

In order to obtain sureties, he paid out money of the assigned estate. Directly he did not pay his sureties for becoming his bondsmen, but he gave to his counsel money belonging to the estate, with the understanding that his counsel would furnish the sureties, and pay what was necessary to procure them. This is, to all intents and purposes, using the assigned estate for the purchase of bondsmen.

The assignee must be removed.

Application granted.